UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALFRED W. BOWIE, JR.<br><br>           Plaintiff,<br><br>VERSUS<br><br>ARTHUR JONES, WTI TRANSPORT<br>AND HUDSON INSURANCE COMPANY<br><br>           Defendants. | CIVIL ACTION NO. 17-05631<br><br>SECTION L (JUDGE FALLON)<br><br>DIV. (3) (MAG. JUDGE KNOWLES) |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE TO DEFENDANT ARTHUR JONES' NICKNAME "DIRTY MAN"

Defendants Arthur Jones, WTI Transport, and Hudson Insurance Company ("Defendants") submit this Memorandum in Support of Motion in Limine seeking to exclude reference to Mr. Jones' industry nickname, "Dirty Man," a nickname used among his friends in the trucking industry. The Federal Rules of Evidence specifically provide that "[i]rrelevant evidence is not admissible" (Rule 402) and set forth a test for determining whether evidence is relevant. Rule 401 provides that evidence is relevant if "(1) it has any tendency to make a fact more or less probable than it would without the evidence; *and* (2) the fact is of consequence in determining the action." FED. R. EVID. 401. Here, any testimony with respect to Mr. Jones' driving nickname bears no relevance to the Plaintiff's claims against Defendants, and does not pass muster under Rule 401.

Further, even if the nickname "Dirty Man" did bear on Plaintiff's case, this Court should exercise its discretion pursuant to Federal Rule of Evidence 403 to exclude use of the nickname as confusing and unduly prejudicial. Rule 403 grants the court the authority to exclude otherwise

{N3547138.1}

1

relevant evidence where it may cause "unfair prejudice, confus[e] the issues," or "mislead" the jury." FED. R. EVID. 403. Here, although the nickname is known to Mr. Jones to be a friendly greeting by fellow drivers, Mr. Jones has been personally named defendant in a lawsuit putting his driving at issue. The nickname may be prejudicial or misleading to jurors, who may not understand why it is being employed by either members of the parties' legal teams or by Mr. Jones' industry colleagues. Specifically, the word "dirty" is pejorative and could evoke unfairly biased negative attitudes towards Mr. Jones or his driving. The word may cast Mr. Jones in a negative light and cause jurors, whether consciously or unconsciously, to judge his credibility based upon a meaningless nickname, particularly considering the very short exposure they will have to Mr. Jones when he takes the stand as Defendant. Accordingly, and because it is not related to the lawsuit, use of the nickname "Dirty Man" in reference to Mr. Jones should be excluded.

## CONCLUSION

Considering the foregoing, Defendants Arthur Jones, WTI Transport, and Hudson Insurance Company respectfully pray that this Court grant their Motion in Limine, and for an Order by this Court excluding reference to Defendant Arthur Jones' nickname, "Dirty Man," and for all other legal and equitable relief to which they may be entitled.

Respectfully submitted,

*/s/ Robert L. Walsh*_____
ROBERT L. WALSH (#17850)
HEATHER L. KIRK (#35192)
Jones, Walker LLP
201 St. Charles Avenue, 50th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-8000 / Direct: 582-8598
Direct Facsimile: (504) 589-8598
Email: rwalsh@joneswalker.com
       hkirk@joneswalker.com

***Attorneys for Defendants,***
***Arthur Jones, WTI Transport, and***
***Hudson Insurance Company***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above pleadings has been served upon all counsel to this proceeding either by hand delivery, facsimile, electronic transmission or by placing same in the United States mail, properly addressed and postage prepaid, on this 6th day of February, 2018.

*/s/ Robert L. Walsh*
ROBERT L. WALSH