UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALFRED BOWIE** § | CIVIL ACTION NO.:     2:17-cv-5631 |
| § | |
| § | SECTION:   L     (3) |
| **v.** § | |
| § | JUDGE:      ELDON E. FALLON |
| **ARTHUR JONES, WTI** § | |
| **TRANSPORT AND HUDSON** § | MAGISTRATE: DANIEL KNOWLES |
| **INSURANCE COMPANY** § | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION OF MOTION IN LIMINE TO EXCLUDE DEFENDANT'S NICKNAME "DIRTY MAN"**

Plaintiff Alfred Bowie Jr. ("Plaintiff") submits this Memorandum in Opposition of defendant's Motion in Limine seeking to exclude reference to Mr. Jones' industry nickname, "Dirty Man". In his Memorandum in Support of the Motion in Limine, defendant points to the Federal Rules of Evidence (Rule 402) in particular citing "[i]rrelevant evidence is not admissible" in an attempt to keep his nickname out of this litigation. Rule 401 provides that evidence is relevant if "(1) it has any tendency to make a fact more or less probable than it would without the evidence; *and* (2) the fact is of consequence in determining the action." Fed. R. Evid. 401. Defendants have also asserted that "any testimony with respect to Mr. Jones' driving nickname bears no relevance to the plaintiff's claims against defendants, and does not pass muster under Rule 401". However, the nickname "Dirty Man" may be wholly relevant to the plaintiff's case. A determination of relevancy calls for an answer to the question whether an item of evidence, when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence. Thus, assessment of the probative value of evidence that Arthur Jones is commonly referred to as "Dirty Man" is a matter of analysis and reasoning.

Although Mr. Jones asserts that "Dirty Man" is merely a friendly greeting used by fellow drivers. However, the nickname "Dirty Man" may have been rightfully earned by Arthur Jones as a testament to defendant's lack of judgment, crudity, and, perhaps illegalities carried out by him in the eyes of other drivers and other industry colleagues.

Arthur Jones alleges in his memorandum, the word dirty is pejorative and could evoke unfairly biased negative attitudes towards Mr. Jones or his driving. However, Mr. Jones offers no detailed explanation regarding how or why he acquired the nickname. Accordingly, and because it may be related to the lawsuit, use of the nickname "Dirty Man" in reference to Mr. Jones should be allowed as appropriate.

## CONCLUSION

Considering the foregoing, plaintiff Alfred Bowie respectfully prays that this Court deny defendant's Motion in Limine excluding reference to defendant Arthur Jones' nickname, "Dirty Man," and for all other legal and equitable relief to which he may be entitled.

Respectfully submitted:

*/s/ Leo Caillier III*
Leo Caillier III (#36158)
CAILLIER & ASSOCIATES, LLC
711 Second Street
Gretna, LA 70053
Telephone: (504) 717-5402
Facsimilie: (504) 345-2379
leo@caillierandassociates.com
Attorney for Alfred Bowie

2

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the above pleadings has been served upon all counsel to this proceeding either by hand delivery, facsimile, electronic transmission or by placing same in the United States mail, properly addressed and postage prepaid, on this 14th day of February, 2018.

           */s/ Leo Caillier III*
           LEO CAILLIER III